**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

|  |  |  |
|---|---|---|
| **NATHANIEL EDWARDS** | ) | |
| Plaintiff, | ) | |
| | ) | |
| **v.** | ) | **Civil Action No. 3:13-cv-03868** |
| | ) | |
| **CHM CAPITAL GROUP, LLC** | ) | |
| **d/b/a CAPITAL HARRIS** | ) | |
| **MILLER & ASSOCIATES** | ) | |
| Defendant, | ) | |
| | ) | |

**COMPLAINT**

### I.    INTRODUCTION

1.  This is an action for actual and statutory damages brought by plaintiff Nathaniel

Edwards, an individual consumer, against Defendant's violations of the law, including,

but not limited to violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692

*et seq*. (hereinafter ''FDCPA'') which prohibits debt collectors from engaging in abusive,

deceptive, and unfair practices; by this Defendant and its agents in their illegal efforts to

collect a consumer debt from Plaintiff.

## II.    JURISDICTION

2.  Jurisdiction of this court arises under 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before, "[A]ny appropriate United States district court without regard to the amount in controversy," and also under 28 U.S.C. § 1331 and 1337.

3.  Venue in this District is proper pursuant to 28 U.S.C. § 1391(b)(2) in that a substantial part of the events or omissions giving rise to the claim occurred here.  Since Defendant transacts business here, personal jurisdiction is established.

## III.    PARTIES

4.  Plaintiff, Nathaniel Edwards (hereinafter "Plaintiff") is a consumer, as that term is defined by 15 U.S.C. § 1692a(3), as well as a natural person allegedly obligated to pay any debt, residing in Dallas County, in the state of Texas.

5.  Defendant, CHM Capital Group, LLC d/b/a/ Capital Harris Miller & Associates (hereinafter "Defendant") is a collection agency and foreign corporation engaged in the business of collecting debt in this state with its principal place of business located in Will County, in the state of Illinois at 215 Remington Boulevard, Suite E, Bolingbrook, Illinois 60440-3661.

6.  Plaintiff is informed and believes, and thereon alleged, that Defendant uses

instrumentalities of interstate commerce or the mails in any business, the principal

purpose of which being the collection of debts.  Defendant is engaged in the collection of

debts from consumers using the mail, electronic mail, facsimile, and telephone, and

regularly collects or attempts to collect, directly or indirectly, debts owed or due or

alleged to be owed or due another, being a ''debt collector'' as defined by the FDCPA,

15 U.S.C. § 1692a(6).

7.  At all relevant times, Defendant acted through its duly authorized agents, employees,

officers, members, directors, heirs, successors, assigns, principals, trustees, sureties,

subrogees, representatives, and insurers.

## IV.   FACTUAL ALLEGATIONS

8.  Sometime before September 24, 2013, Plaintiff, Nathaniel Edwards, incurred a

financial obligation that was primarily for personal, family, or household purposes and is

therefore a 'debt', as that term is defined by the FDCPA, 15 U.S.C. § 1692a(5).

9.  Upon information and belief, at some point the alleged debt was consigned, placed or

otherwise transferred to Defendant for collection from Plaintiff Nathaniel Edwards.

10.  The debt that Defendant is attempting to collect on is an alleged obligation of a

consumer to pay money arising out of a transaction in which the money, property,

insurance or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment, as, again, defined by the FDCPA, 15 U.S.C. § 1692a(5).

11.  Defendant spoke with Plaintiff within one year prior to the filing of this complaint, trying to collect on an alleged consumer debt.  Plaintiff gave Defendant reason to know its continued calls to his workplace were prohibited by his employer during the early half of 2013, and inconvenienced Plaintiff, in oral conversation(s) with Defendant.

12.  Within one year prior to the filing of this complaint, Defendant disregarded Plaintiff's statement(s) to it in regards to the unwanted calls, and continued to call him, without his consent, and without the calls being for emergency purposes.  Defendant also lied and attempted to mislead Plaintiff through threats it made to Plaintiff during August of 2013; threatening to serve him with legal paperwork, garnish his wages itself, and file criminal charges against him itself.  Defendant also left Plaintiff a voicemail in which it stated that Plaintiff had 'charges' against him, and in which it did not state, in violation of the FDCPA, that it was a debt collector, attempting to collect on a debt, and that any information obtained would be used for that purpose.  This was all in violation of the FDCPA, namely including, but not limited to, violations of 15 U.S.C. §§ 1692c(a)(1), §1692c(a)(3), §1692d, §1692e, §1692e(5), §1692e(11), and §1692f.  These calls by Defendant and conversations were communication(s), as defined under 15 U.S.C. § 1692a(2).

13. As a result of the acts alleged above, Defendant caused Plaintiff to become very upset because of the aggressive manner in which this alleged debt was collected by this Defendant.

14. Plaintiff suffered actual damages as a result of these illegal collection communications by this Defendant in the form of anger, anxiety, emotional distress, frustration, and upset, amongst other negative emotions.

15. Defendant's illegal abusive collection communications as more fully described above were the direct and proximate cause of emotional distress on the part of Plaintiff.

## V.    CAUSES OF ACTION

### COUNT I
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692 et seq.

16. Plaintiff Nathaniel Edwards repeats, realleges, and incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

17. The foregoing acts and omissions of Defendant and its agents constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the provisions of the FDCPA, 15 U.S.C. § 1692 et seq., cited above, with respect to Plaintiff.

18.  As a result of the foregoing violations of the FDCPA, Defendant is liable to the

Plaintiff for actual damages pursuant to 15 U.S.C. § 1692k(a)(1), statutory damages in an

amount up to $1000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A), and reasonable costs and

attorney fees pursuant to 15 U.S.C. § 1692k(a)(3), from Defendant.


**COUNT II.**
**INVASION OF PRIVACY BY INTRUSION UPON SECLUSION**

19.  Plaintiff Nathaniel Edwards repeats, realleges, and incorporates by reference all of

the above paragraphs of this Complaint as though fully stated herein.


20.  Congress explicitly recognized a consumer's inherent right to privacy in collection

matters in passing the Fair Debt Collection Practices Act, when it stated as part of its

findings:

> **Abusive debt collection practices contribute** to the number of personal
> bankruptcies, to marital instability, to the loss of jobs, and **to invasions of**
> **individual privacy.**

15 U.S.C. § 1692(a) (emphasis added).


21.  Congress further recognized a consumer's right to privacy in financial data in

passing the Gramm Leech Bliley Act, which regulates the privacy of consumer financial

data for a broad range of "financial institutions" including debt collectors, albeit without

a private right of action, when it stated as part of its purposes:

> It is the policy of the Congress that each financial institution has an affirmative

and continuing obligation to respect the privacy of its customers and to protect the security and confidentiality of those customers' nonpublic personal information.

15 U.S.C. § 6801(a) (emphasis added).

22.  Defendant and/or its agents intentionally and/or negligently interfered, physically or otherwise, with the solitude, seclusion and/or private concerns or affairs of Plaintiff, namely, by repeatedly and unlawfully attempting to collect a debt and thereby invaded Plaintiff's privacy.

23.  Defendant also intentionally and/or negligently interfered, physically or otherwise, with the solitude, seclusion and/or private concerns or affairs of the Plaintiff, namely, by unlawfully continuing to call for Plaintiff, without his consent, after having been given reason to know this inconvenienced Plaintiff and was prohibited by Plaintiff, and thereby invaded Plaintiff's right to privacy.

24.  Defendant and its agents intentionally and/or negligently caused emotional harm to Plaintiff by engaging in highly offensive conduct in the course of collecting this debt, thereby invading and intruding upon Plaintiff's right to privacy.

25.  Plaintiff had a reasonable expectation of privacy in Plaintiff's solitude, seclusion, private concerns and affairs.

26. The conduct of this Defendant and its agents, in engaging in the above-described illegal collection conduct against Plaintiff, resulted in multiple intrusions and invasions of privacy by this Defendant which occurred in a way that would be highly offensive to a reasonable person in that position.

27. Defendant's acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

28. As a result of such intrusions and invasions of privacy, Defendant is liable to Plaintiff for actual damages in an amount to be determined at trial from Defendant.

## VI.   PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Nathaniel Edwards respectfully requests that judgment be entered against Defendant for the following:

A. Actual damages from Defendant pursuant to 15 U.S.C. § 1692k(a)(1) for the emotional distress suffered as a result of the intentional and/or negligent FDCPA violations, and actual damages from Defendant for intentional and/or negligent invasions of privacy; in amounts to be determined at trial and for Plaintiff.

B. Statutory damages of $1000.00 from Defendant pursuant to 15 U.S.C. § 1692k(a)(2)(A).

C. Costs and reasonable attorney fees from Defendant and for Plaintiff pursuant to 15

U.S.C. § 1692k(a)(3).

D. For such other and further relief as the Court may deem just and proper.

Dated:  September 24, 2013                    RESPECTFULLY SUBMITTED,
                                              By: /s/ Kevin Crick
                                              Kevin Crick
                                              BBO:  680950
                                              Consumer Rights Law Firm, PLLC
                                              231 Sutton St., Suite 1A
                                              North Andover, Massachusetts 01845
                                              Phone: (978) 420-4747
                                              Fax: (978) 409-1846
                                              kevinc@consumerlawfirmcenter.com
                                              **Attorney for Plaintiff**